PROB 12C
(6/16)

Report Date:  May 29, 2025

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## May 29, 2025

SEAN F. McAVOY, CLERK

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Anthony Michael Rogers          Case Number: 0980 2:25CR00032-MKD-1

Address of Offender: ████████████  Colbert, Washington 99005

Name of Sentencing Judicial Officer: The Honorable Robert J. Bryan, U.S. District Judge
Name of Supervising Judicial Officer:  The Honorable Mary K. Dimke, U.S. District Judge

Date of Original Sentence: February 28, 2020

Original Offense:          Possession of Controlled Substances with Intent to Distribute, 21 U.S.C. § 841(a)(1),
                           (b)(1)(B); Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2);

Original Sentence:    Prison - 72 months;          Type of Supervision: Supervised Release
                      TSR - 48 months

Asst. U.S. Attorney:    U.S. Attorneys Office          Date Supervision Commenced: August 21, 2024

Defense Attorney:      Federal Defenders Office       Date Supervision Expires: August 20, 2028

---

### PETITIONING THE COURT

To issue a warrant.

On August 27, 2024, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Rogers, as outlined in the judgment and sentence.  He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #3**:  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. |

**Supporting Evidence**: On or about May 18, 2025, Anthony Rogers allegedly violated standard condition number 3 by traveling to the Western District of Washington without requesting or receiving authorization to travel.

On May 18, 2025, Anthony Rogers was subject to a traffic stop by the Grays Harbor County Sheriff's Office (GHCSO), at approximately 9:52 p.m.  He was subsequently issued a citation for operating a motor vehicle without insurance and failure to dim lights, and assessed a penalty fee for both.

Prob12C
**Re: Rogers, Anthony Michael**
**May 29, 2025**
**Page 2**

It should be noted that Grays Harbor County is located in the Western District of Washington, so travel there would require prior authorization from the Court or the probation officer. Mr. Rogers claimed that he traveled to the Western District of Washington to pick up his girlfriend, who was unable to catch her flight because of recent changes to the Real ID requirements. According to Mr. Rogers, after picking up his girlfriend, the two traveled back to Spokane together.

The offender did not request or receive authorization to travel to the Western District of Washington on May 18, 2025.

2        **Standard Condition #4**: You must answer truthfully the questions asked by your probation officer.

**Supporting Evidence**: On or about May 21, 2025, Anthony Rogers allegedly violated standard condition number 4 by failing to be honest with the assigned probation officer about the facts related to his law enforcement contact on May 18, 2025.

After having been contacted by an officer with the GHCSO, Mr. Rogers is required to report contact with law enforcement to the probation officer within 72 hours. The individual under supervision insists that he notified this officer that he had law enforcement contact on May 18, 2025, within 72 hours as required.

During an office visit on May 28, 2025, the offender did although acknowledge that he was not fully forthcoming about the facts related to that contact. Mr. Rogers admitted that he did not notify the U.S. Probation Office (USPO) that the contact with law enforcement occurred in another federal judicial district, because he did not want to get in trouble.

It should be noted that this officer did not receive a voice or text message from the offender regarding the contact with law enforcement, nor is there any notation on his file that he reported such contact.

3        **Standard Condition #3**: You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

**Supporting Evidence**: Between May 23 and 25, 2025, Anthony Rogers allegedly violated standard condition number 3 by traveling to the Western District of Washington without requesting or receiving authorization to travel.

During an office visit on May 28, 2025, the individual under supervision admitted to traveling to the Western District of Washington for a second trip on May 23, 2025. He claimed that he was driving his girlfriend back home, to Grays Harbor County. According to the offender, he wanted to "spend more time with (his) girlfriend", so he decided to spend the weekend in the Western District of Washington.

As was previously noted, Grays Harbor County is located in the Western District of Washington, so travel there would require prior authorization from the Court or the probation officer. The offender did not request or receive authorization to travel to the Western District of Washington between May 23 and 25, 2025.

Prob12C
**Re: Rogers, Anthony Michael**
**May 29, 2025**
**Page 3**

4    **Special Condition #1**: The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.

**Supporting Evidence**: On or about May 24, 2025, Anthony Rogers allegedly violated special condition number 1 by consuming methamphetamine and alcohol.

On May 28, 2025, this officer contacted the offender to inquire about the traffic citation he received in Grays Harbor County on May 18, 2024. At the beginning of that call, the undersigned asked Mr. Rogers what he was doing for the day and he responded that he had to work. During our conversation, the undersigned heard what sounded like a soda can being opened, which was odd because the offender works with heavy machinery. The assigned officer again asked where he was and Mr. Rogers admitted he was "at home."

The offender was subsequently instructed to immediately report to the probation office to meet with the undersigned and submit to random urinalysis testing. When asked if his urinalysis sample would be positive for any controlled substances, Mr. Rogers admitted he would be positive for methamphetamine.

Shortly thereafter, on May 28, 2025, the individual under supervision reported to the probation office. He signed an admission of use form admitting to the use of methamphetamine and alcohol on or about Saturday, May 24, 2025.

This officer noticed that Mr. Rogers looked "weathered" and after further conversation, he admitted to "using (methamphetamine) a few times here and there."

5    **Special Condition #1**: The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.

**Supporting Evidence**: On or about May 26, 2025, Anthony Rogers allegedly violated special condition number 1 by consuming alcohol.

As instructed, Mr. Rogers reported to the probation office on May 28, 2025. He was subject to urinalysis testing and provided a urine sample that was presumptive positive for fentanyl, MDMA (commonly known as ecstasy), methamphetamine and alcohol.

Prob12C

**Re: Rogers, Anthony Michael**
**May 29, 2025**
**Page 4**

This officer raised concerns that his urine sample was still presumptive positive for alcohol approximately 4 days after his admitted use, which is unusual. The offender then admitted to the use of alcohol on or about May 26, 2025, but he denied the use of any other illicit substances. As such, the previously signed denial of use form was updated, and the contested urine sample was sent to the lab for additional testing. As of the writing of this report, those results have not yet been received.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:     05/29/2025

s/Amber M. K. Andrade

Amber M. K. Andrade
U.S. Probation Officer

---

THE COURT ORDERS

[ ]     No Action
[X]     The Issuance of a Warrant
[ ]     The Issuance of a Summons
[ ]     The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]     Defendant to appear before the Judge assigned to the case.
[X]     Defendant to appear before the Magistrate Judge.
[ ]     Other

M. K. Dimke

Signature of Judicial Officer

May 29, 2025

Date